999 F.2d 541
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert W. MCKINNEY, Defendant-Appellant.
 No. 93-5432.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1993.
 
 Before KENNEDY and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is a direct appeal from a criminal conviction in which the attorney for the defendant-appellant requests permission to withdraw. Robert W. McKinney pleaded guilty to one count of executing and attempting to execute a scheme to defraud a financial institution insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 1344. The district court sentenced McKinney to an eighteen month term of imprisonment and this appeal followed.
 
 
 3
 Counsel for McKinney has filed a motion to withdraw from the appeal and has filed a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). McKinney was served with this motion and was invited to respond.
 
 
 4
 Upon consideration, we find no reversible error in the district court's judgment. McKinney pleaded guilty to one count of an offense under 18 U.S.C. § 1344 that was committed in the Eastern District of Kentucky, namely, defrauding two F.D.I.C. institutions in Shelbyville, Kentucky. The language of the information tracks that of the statute and Shelbyville (Shelby County) lies within the Eastern District of Kentucky. 28 U.S.C. § 97(a). Jurisdiction thus does not appear to be an issue in this case and McKinney's guilty plea acted as a waiver of any non-jurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 5
 The transcript of the plea colloquy reflects the district court's strict adherence to the dictates of Fed.R.Crim.P. 11(c), the court's inquiry into McKinney's waiver of an indictment, and the recitation of the factual basis for the plea. The court accurately related the maximum penalties to which McKinney would be exposed by his plea and determined that McKinney was not under the influence of any drugs. There is no defect in the plea proceedings.
 
 
 6
 The court's application of U.S.S.G. § 2F1.1 to this offense is mandated by the sentencing guidelines. Section 2F1.1 carries a base offense level of six points (as noted by the court) with an automatic increase of two points for the amount of money involved (more than $5,000 but less than $10,000). The court's calculations in this regard and in the determination of McKinney's criminal history category appear proper in all respects and were made in the absence of any objection by defense counsel. The actual sentence of eighteen months was at the low end of the range. This appeal lacks merit.
 
 
 7
 Accordingly, the motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.